[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Denise N. Washburn, age 39, whose maiden name was Denise N. Nielson, and the defendant, Douglas K. Washburn, age 40, were married at Cornwall, Connecticut on August 13, 1983. There are no minor children issue of the marriage and the parties have stipulated that the marriage has broken down irretrievably. Neither party offered evidence concerning fault so the court does not take that into consideration in its decision.
Both the plaintiff and the defendant are high school graduates. The plaintiff is a qualified paralegal now working for the Chicago Title Insurance Company earning approximately $900.00 per week with a net of $600.00. The defendant works for the State of Connecticut in forest maintenance earning approximately $550.00 per week with a net of $400.00. Under these circumstances no alimony is awarded to either party.
The sole issue before the court is the disposition of the marital home, jointly owned, located at 222 North Road, Harwinton, Connecticut. The parties have rejected an offer of $213,000.00 for the property which has a value of approximately $225,000.00 to $240,000.00. It is encumbered by two mortgages, a first in the amount of $107,000.00 and a second for the defendant's truck of $18,000.00.
The parties lived together for some eleven months prior to their marriage. While living together and during the early years of this marriage, the parties resided at Mr. Washburn's home on Great Hill Road, Cornwall.
This Cornwall residence consisted of over three and a half acres of land improved by a three bedroom single family residence. Mr. Washburn purchased this land in 1971, and together with his father, physically built the house. In 1978, Mr. Washburn divorced his first wife, and purchased her claim of interest to the land and improvements.
The Cornwall house remained Mr. Washburn's primary residence up to and after beginning his relationship with his wife. Mrs. Washburn testified that when she moved into the Cornwall house the existing mortgage was in the "low twenties" and that it was Mr. Washburn who paid the mortgage and taxes while she resided there.
The parties agree that the sole reason for moving from Cornwall to Harwinton was to accommodate Mrs. Washburn's desire to shorten her commute. Both parties also acknowledge that this occurred because Mrs. Washburn accepted new employment in Wethersfield about a year after the marriage.
The Cornwall property's equity allowed the parties to purchase property at Lead Mine Brook Road, Harwinton. This property was subsequently sold at a profit, all of which was devoted to the costs of the sale and interest on a bridge loan. CT Page 8369
During and subsequent to residing at Lead Mine Brook Road, the parties rented the Cornwall property and applied the rental income toward the bridge loan and other expenses. Mrs. Washburn recounted her singular efforts in renting the Cornwall property, but subsequently testified that the tenants she chose had to be removed after they had ruined Mr. Washburn's house.
While staying rent-free at Mr. Washburn's parents residence and while subsequently renting an apartment on Oak Avenue in Torrington, the parties sought to fix up the Cornwall residence through new flooring, painting and wallpapering. The heating system was extended by Mr. Washburn and a friend to the two upstairs bedrooms at a total labor cost of $400.00. Mr. Washburn had owned all the materials from prior to the marriage. Mrs. Washburn contributed $3,500.00 towards these cosmetic improvements with the balance coming from Mr. Washburn.
The parties stipulated that the sale of Mr. Washburn's Cornwall property netted, after closing costs and mortgage payoff, over $113,000.00. Both parties testified that this entire sum is presently invested into the 222 North Road, Harwinton property. It is undisputed that Mrs. Washburn received $20,000.00 from her father's death benefits which was invested into the Harwinton property. Mrs. Washburn also became the beneficiary of her grandmother's $15,000.00 trust. The plaintiff claims this entire sum was used towards improvements to the Harwinton property, however, on cross examination she could not recall how much money was spent on her grandmother's convalescent home care at the two different facilities she resided. Mr. Washburn testified that $9,000.00 of the $15,000.00 was spent on Mrs. Washburn's grandmother's care and the balance of $6,000.00 was put into the North Road property. At any rate, substantial contributions were made by the plaintiff.
From the evidence, it is clear that in their real estate investments subsequent to their marriage, the parties were involved in a joint venture. Since there is no established fault on the part of either party, the distribution of the real estate must be made on a joint ownership basis. Assuming a sale at $233,000.00 and a net of $106,000.00 after a real estate commission, closing costs and payment of the first mortgage of $107,100, there remains $53,500.00 for each party without regard for capital gains. From the defendant's share must be deducted the $18,000.00 second mortgage.
As far as the real estate is concerned, it is the order of the court that the plaintiff shall have the right within sixty days to purchase the defendant's interest in the 222 North Road property in consideration of $35,500.00. subject to the first and second mortgages which she shall assume and pay and hold the defendant harmless thereon. The $35,500.00 shall be paid as follows: $10,500.00 at the closing together with a mortgage in the amount of $25,000.00 with the usual covenants and interest at 10% in the event of default, payable at the rate of CT Page 8370 $5,000.00 per year for five years.
In the event the plaintiff does not exercise her right to purchase this property the property shall be listed for sale and when sold the proceeds shall be divided equally after deducting closing costs, real estate commission and the first and second mortgage. From the defendant's one half share of the proceeds, the $18,000.00 second mortgage shall be deducted and credited to the plaintiff. During the time the property is listed for sale, the plaintiff shall have the right of occupancy and the defendant shall contribute $100.00 towards the first mortgage and pay the second mortgage.
Each party shall be responsible for one half of the master charge bill of $2,947.16. One dollar a year alimony is awarded to each party modifiable only to enforce the financial awards entered herein.
Each party shall be responsible for their individual debts as shown on their financial affidavits.
Judgment may enter accordingly on the grounds of irretrievable breakdown.
PICKETT, J.